## TEXAS & PACIFIC RAILWAY COMPANY v. A. E. McCOY.

### Decided December 10, 1896.

**1. Contributory Negligence—Charge.**

Plaintiff, standing on the pilot of an engine in coupling it to a car, supported on his knee the draw-bar, which he placed in the draw-head of the standing car, and permitted his knee to remain in such position while the car was pushed along by the engine. A low joint in the track depressed the end of the car, thereby pressing down the draw-bar against and injuring his knee. On the issue of contributory negligence in holding his knee under the bar (there being, in the nature of things, no question but that the act contributed to his injury, and the sole question being whether it was negligent), it was liable to confuse and mislead the jury, and was erroneous, as submitting a question not in issue, to instruct them that such act, if negligent "to the extent that but for his so doing he could not have been injured," would prevent plaintiff's recovery; but that if "it did not contribute to his injury to the extent above mentioned, then he would not be precluded from recovery." (Pp. 265, 266.)

**2. Railroad Track—Duty to Servant—Degree of Care.**

It was erroneous to instruct the jury that it was the duty of a railroad company to keep its track in reasonably safe condition. The measure of its duty to its servants was ordinary care, which it might use and yet fail to remedy undiscoverable defects, rendering the track unsafe. (P. 266.)

ERROR to Court of Civil Appeals, Fifth District, in an appeal from Harrison County.

McCoy was plaintiff and recovered in the trial court. Defendant company appealed and, on affirmance, obtained writ of error.

*F. H. Pendergast,* for plaintiff in error.—It is the duty of a railway company to use ordinary care to keep its road-bed in a safe condition for employees, and it is error to charge that the company must keep its road-bed in a reasonably safe condition. Railway v. Needham, 69 Fed. Rep., 825.

The court erred in the ninth paragraph of the charge in charging that

plaintiff could recover even though he was negligent and his negligence contributed to his injury, unless it so contributed to the extent that but for his negligence the injury would not have happened. The true definition of contributory negligence is negligence on the part of the plaintiff which amounts to the want of ordinary care and which, by co-operating with the negligence of the defendant causes the injury. Plaintiff's negligence need not be such as that the accident would not have happened but for it. Railway v. Garcia, 75 Texas, 591; Railway v. Lewis, 5 Texas Civ. App., 642.

*T. P. Young,* for defendant in error.—The whole charge should be considered together and on the whole it required of defendant only to exercise ordinary care. Railway v. Aylward, 79 Texas, 677; Railway v. Simcock, 81 Texas, 503; 80 Texas, 361.

The charge of the court on contributory negligence was correct. 64 Texas, 488; 73 Texas, 7; 3 Texas Civ. App., 300.

GAINES, Chief Justice.—Defendant in error brought this suit against plaintiff in error to recover damages for personal injuries, and recovered a judgment in the District Court, which was affirmed upon appeal.

The questions as presented by the pleadings and evidence, were:

1. Was there a low joint in the track of the railroad at the place of the accident, and if so, was the low joint the result of the defendant company's negligence?

2. Was the plaintiff guilty of negligence in placing the bar upon his knee?

We extract the following from the conclusions of fact filed by the Court of Civil Appeals: "A. E. McCoy, appellee, was in the employ of the appellant railway company, as a brakeman. On or about October 13, 1890, while in the discharge of his duty at Buchanan station on said road, the engine had to go on a passing track to get out some cars, and it was necessary to couple the head end of the engine to the cars on the passing track. When the engine came to within about forty feet of the standing cars, McCoy got on the pilot, or cow-catcher, of the engine, and as there was no step on the pilot to stand on, he had to place one foot in between the bars of the pilot and place the other foot on the top or ridge of the pilot, and when within about eight feet of the cars he raised the pilot bar to make the coupling. The bar was very heavy and he had to place it on his knee and hold it up while * * * approaching the cars. * * * He placed the pilot or coupling-rod to the draw-head of the standing car, and the engine pushed it a few feet, when one wheel of the car went into a low joint, and this caused the end of the car to go down and press the coupling-rod down on McCoy's knee, mashing and bruising his knee and leg. The bar was so heavy that he could not make the coupling without placing it on his knee, the bar being much heavier than such bars usually are. * * * *"

The court, after giving a charge correctly presenting the issues, concluded with the following paragraph: "If plaintiff was guilty of 'negligence, considering the definition of negligence as applicable to plaintiff as before explained,' in placing the bar upon his knee and allowing it to. remain there after he had made the coupling, and you believe that by so doing he contributed to his injury to the extent that, but for his so doing, he would not have been injured, then he cannot recover. On the other hand, if he was negligent in this respect, but you should believe that it did not contribute to his injury to the extent above mentioned, then he would not be precluded from recovering if you should believe that he is otherwise entitled to do so."

If the plaintiff had not placed the bar upon his knee, in the nature of things his knee could not have been injured by the downward pressure of the bar resulting from the low joint. Hence there was no question whether or not the act of the plaintiff contributed to the injury. As to his act the sole question was, whether or not it was negligent? It has frequently been held reversible error to submit in a charge to a jury an issue not made by the evidence, unless it is clear that the jury were not misled thereby (Austin v. Talk, 20 Texas, 165; Andrews v. Smithwick,. 20 Texas, 111; Hampton v. Dean, 4 Texas, 455; Railway v. Wisenor, 66. Texas, 674.) The charge in question presents the issue as to whether or not defendant's act contributed to the injury, very pointedly, by instructing them, not only that if plaintiff was negligent and his negligence contributed to the accident to find for the defendant, but also that if he was negligent and his negligence did not so contribute, to find for him, provided they found that he was otherwise entitled to recover. The instruction was well calculated to confuse and mislead the jury. Its. probable effect was to induce them to believe that the word "contribute" had some technical sense different from its ordinary signification. In view of the facts of the case, we think the error in the charge was prejudicial to the defendant in error, and that therefore the judgment ought. to be reversed.

It was also error to instruct the jury that it was the duty of the defendant company to keep its road-bed in a reasonably safe condition. It might use ordinary care to make its track reasonably safe and yet undiscoverable defects might exist which would render it unsafe. The use of ordinary care is the measure of its duty in this particular towards its. servants. The court gave a correct instruction upon the point in another part of the charge, and we are inclined to think that the Court of Civil Appeals were correct in holding this to be not reversible error. The other points presented in the assignment were correctly disposed of in. that court.

But, for the error pointed out, the judgment of the District Court and that of the Court of Civil Appeals are reversed and the cause remanded..

*Reversed and remanded..*