CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY V.
J. A. ARMES.

Decided March 28, 1903.

**1.—Briefs—Proposition—Refusal of Charges.**

A proposition in appellant's brief urging error in the refusal to give certain special charges on its face fails to affirmatively show error where it fails to show that such special charges were not sufficiently comprehended in the charge given by the court.

**2.—Carrier of Passengers—Injury in Alighting from Train.**

The court properly refused a requested charge that, if defendant's train stopped at the station a reasonable and sufficient length of time for plaintiff's wife to have walked off before it started, had she acted with such diligence and promptness as a person of ordinary prudence would have exercised under the same circumstances, the jury should find for defendant, where such charge ignored an issue made by the pleadings and evidence of negligence on defendant's part in failing to have any one in attendance to assist the wife in alighting from the train.

**3.—Same—Contributory Negligence.**

It is extending the doctrine of contributory negligence to great lengths to hold that the issue is raised by the mere fact that a passenger, who is a woman

of ordinary strength, undertakes to carry her grip, weighing perhaps sixty pounds, along with her at the time of leaving the train, there being no porter offering to assist her or present within call.

#### 4.—Same—Warning—Harmless Error.

It was harmless error to refuse a requested charge that if the wife was warned by a bystander not to get off the train, but she did so, and acted thereby as a person of ordinary prudence would not have done, the verdict should be for defendant, where the evidence showed that the warning, if heard by the wife, was not in time to enable her to grasp its import and act thereon.

#### 5.—Same—Usual Time of Stopping Not Sufficient.

It is the duty of a railway company to give its passengers such reasonable time as will enable them to alight from the train at their destination under the usual and ordinary circumstances, whether or not the train be stopped the usual length of time.

#### 6.—Same—Contributory Negligence—Charge.

A charge that if the wife, in attempting to get off the train, failed to exercise ordinary care, "and thereby contributed to her fall" (instead of to her injury), the verdict should be for defendant, was not prejudicial error as limiting the jury to finding that such negligence contributed to the fall, where plaintiff's petition alleged that the injuries were the result of the fall, and the charge as a whole instructed that if the wife's negligence contributed to her injuries the jury should find for defendant, and the evidence established that she was not guilty of contributory negligence.

#### 7.—Personal Injuries—Evidence—Value of Wife's Services—Opinion.

In an action for personal injuries to the wife, the opinion of the husband as to the value of her services was admissible in connection with the facts stated by him to the effect that she had been able to perform all of the ordinary duties of the household and family prior to the injury, but not thereafter.

#### 8.—Same—Hearsay.

Testimony of a witness predicated alone on letters of the wife written by her to other members of her family, the letters not being accounted for, was properly excluded as hearsay.

Appeal from the District Court of Montague. Tried below before Hon. D. E. Barrett.

*Jas. A. Graham, J. M. Chambers,* and *N. H. Lassiter,* for appellant.

*Wilkins, Vinson & Moore, Cecil H. Smith,* and *Smith & Walker,* for appellee.

CONNER, Chief Justice.—This is an appeal. from a judgment in appellee's favor for the sum of $6000 as damages for personal injuries received by appellee's wife in alighting from one of appellant's passenger trains. Appellee alleged that his wife purchased a ticket and became a passenger on said train from Fort Worth, Texas, to Paradise, in Wise County; that upon arrival at Paradise Mrs. Armes, with a child and a grip, attempted to disembark, and that as she was on the last step of the passenger coach upon which she had been riding and in the act of alighting, appellant's agents, without warning, suddenly and negligently started the train with a jerk, thereby causing appellee's wife to fall upon the station platform and on and across her grip, whereby the serious

and permanent injuries described in appellee's petition were inflicted. Negligence was alleged in failing to stop the train at the station named a reasonable time to enable appellee's wife to get off with safety, and in the failure of appellant's operatives to assist her to safely alight.

The defendant denied that it started the train suddenly, and averred that it stopped its train a reasonable and the usual length of time at Paradise; and that plaintiff's wife was guilty of negligence in failing to leave the train within a reasonable time after same had stopped for the purpose of allowing passengers to alight, and was further guilty of negligence in attempting to get off the train while it was in motion, and also in taking a long drive on the day of the accident in an ordinary farm wagon, and in visiting about the neighborhood for three or four weeks in a rough ordinary farm wagon, and in failing to procure any medical aid or treatment until several months after the alleged accident. The evidence upon these issues tended to different conclusions, but the jury returned a verdict for appellee, assessing damages in the amount of the judgment.

We are confronted with some twenty assignments of error, which are elaborately briefed, and we deem it impracticable as well, perhaps, as also unnecessary, to discuss them all at length. We will, therefore, endeavor to make such brief disposition of them as we can within reasonable bounds, stating the pertinent facts in connection with the assignments as disposed of.

The assignments urged in oral argument upon the submission of this cause are the third, fourth, seventh, eighth, ninth, tenth and sixteenth, and to those we will first address ourselves, as presumably the most important.

The seventh, eighth, ninth and tenth assignments are grouped, and all relate to the action of the court in refusing special charges. The seventh assignment relates to appellant's first special charge, which is to the effect that if the jury should find that appellant's train stopped at Paradise a reasonable and sufficient length of time for appellee's wife to have walked off before it started, if she acted with such diligence and promptness as a person of ordinary prudence would have acted under the same circumstances, that they should find for the defendant. The second special charge to which the eighth assignment relates is to the effect that if the jury should find that appellee's wife got off the train while it was in motion and was thereby injured, and that a person of ordinary care and prudence, situated as she was would not have made the effort to get off of the defendant's train at the time and in the manner and under the circumstances that she did, that the verdict should be for the defendant.

The third special charge to which the ninth assignment relates is to the effect that if the jury should find that appellee's wife at the time she attempted to disembark from defendant's train at Paradise was incumbered with and carrying a large and heavy grip, and that by reason thereof she fell and sustained injuries which she otherwise would not have sustained, and that a person of ordinary care and prudence would not have

carried such a grip and attempted to get off the train at the time and under the circumstances she did, the jury should find for the defendant.

The fifth special charge, to which the tenth assignment relates, is to the effect that if appellee's wife was warned by a bystander not to get off the train while it was in motion, but that notwithstanding such warning she did so, while incumbered with a heavy grip and while the train was in motion, and that a person of ordinary care and prudence would not have made the effort with the information then possessed by appellee's wife and otherwise surrounded as she was at that time, to find for the defendant. Under these assignments there is but a single proposition, which is as follows: "These charges should have been given, as they constituted 'an affirmative presentation of the defendant's defense, and applied the law to the specific facts of the case, and were correct presentations of the law."

The court after giving proper definitions of negligence among other things charged the jury as follows:

"4. Whether or not the failure of the parties in charge of said train to assist plaintiff's wife to get off said train, constituted negligence, is a question of fact to be determined by you under the circumstances, taking into consideration the failure on her part to ask for such assistance.

"5. If you find from the evidence that when the train on which plaintiff's wife was riding reached Paradise she used reasonable diligence, situated and circumstanced as she was, to get off said train, and if said train did not stop at Paradise long enough for her to have alighted therefrom in safety, and if while she was endeavoring to get off said train, it was started, and if, by reason thereof, or if by reason of the negligence of the parties operating said train in failing to assist her to get off—if you find that such failure was negligence—she was caused to fall and be injured without fault or negligence on her part, then you will find for plaintiff.

"6. Unless you find from the evidence that plaintiff's wife was injured by falling while attempting to alight from said train, and that such fall was caused by the negligence of the defendant's employes in charge of said train, you will find for the defendant. If her injury, if she is injured, was produced by any other cause than by falling while attempting to get off said train, you will find for defendant.

"7. If you find that said train did not stop long enough at Paradise to enable plaintiff's wife, in her condition and circumstances, to get off in safety, and if when she was trying to get off, the train started, and if while it was moving she undertook to get off and was injured, and if in so trying to get off a moving train she was herself guilty of a want of ordinary care as defined to you hereinafter, then you will find for the defendant.

"8. If said train stopped long enough for plaintiff's wife to have gotten off safely, circumstanced and conditioned as she was, and if she

failed to use reasonable diligence to get off, and unnecessarily and negligently remained upon the train until it started and then undertook to get off, and in attempting to get off fell and was injured, you will find for defendant.

"9. It was the duty of plaintiff's wife to exercise ordinary care for her own safety. Ordinary care means such care as an ordinarily prudent and careful person similarly situated and circumstanced as plaintiff's wife was, would have exercised, and a failure to exercise such care would be negligence.

"10. If you find from the evidence that plaintiff's wife, in attempting to get off said train, failed to exercise ordinary care for her own safety, and thereby contributed to her fall; or if she was guilty of negligence, that is, if she failed to exercise ordinary care, by attempting to get off said train while it was in motion, if she did so, under the circumstances surrounding her, and if she thereby contributed to her fall, then you will find for the defendant, even though you should find that the defendant was guilty of all the negligences charged against it."

The appellant's proposition, hereinbefore quoted, on its face fails to affirmatively show error, in that the proposition fails to show that the special charges referred to were not sufficiently comprehended in the charges given by the court. Besides, we think it apparent from a consideration of the charges of the court that the special charges should not have been given as a whole, and that therefore the proposition asserted can not be maintained. But lest this disposition be deemed unsatisfactory, we add that the conductor of the train testified, among other things, that he knew that appellee's wife and child were upon the train and that their destination was Paradise, and that among other duties of the porter was that of assisting passengers to alight. The evidence also showed that neither the porter nor other employe of appellant was at or near the steps of the car from which appellee's wife alighted so as in any manner to assist her. Negligence in this respect was made a distinct issue in the pleadings, and was distinctly submitted by the court. Appellant's special charge number 1 entirely ignores this issue, and was hence properly rejected. Special charge number 2 seems to have been sufficiently covered by the paragraphs of the court's charge quoted, and it is questionable whether the facts warranted the submission of any such issue as asserted in the third special charge. There was evidence tending to show that appellee's wife carried a grip as heavy perhaps as sixty pounds. There is no evidence, however, that the porter or other employe of the train made any effort to assist or relieve her of the necessity of taking her grip, or was even present so that a request to this effect might have been preferred. There was evidence tending to show that appellee's wife, prior to the injury, was in good health, and there is no evidence indicating that she was not of strength sufficient to easily carry her grip to the platform and steps of the car, and had appellant's porter been there to have assisted her, as it was his duty to do, it is unlikely that the

grip would have contributed to her injury. It seems to be extending the doctrine of contributory negligence to great lengths to say that the issue is raised by the mere fact that a passenger on a railway train concludes to take his or her grip along at the time of leaving the train rather than leave it behind. We know of no rule of law, and no rule on the part of appellant was shown, making it the duty of operatives of passenger trains to remove therefrom valises and grips not of extraordinary size so frequently carried by passengers. No reversible error was committed, therefore, in the rejection of special charges number 2 and number 3.

The court's general charge seems less applicable to appellant's fifth special charge, which perhaps brings appellant more nearly within the rule invoked, and which has been announced in Railway Co. v. McGlamory, 89 Texas, 635, 35 S. W. Rep., 1059, and Railway Co. v. Scheider, 88 Texas, 152, 30 S. W. Rep., 902.

A Mr. Lynch testified that he was standing on the depot platform near, and noticing, after the train started, that appellee's wife was about to get off, he "hollered" to her not to do so, that the train would stop, but that she nevertheless continued in her attempt; that he caught her arm, but was unable to restrain the entire force of the fall, and that she fell upon the platform and across her grip. This evidence tends to show that appellee's wife heard the warning, though she denied that anyone spoke to her. Lynch further testified, however, that appellee's wife immediately stated, upon arising, in answer to his inquiry why she did not stop when he "hollered" to her, that she was unable to do so; that the grip in her hand which she had in front of her overbalanced her, and she could not stop. Appellee's wife testified to the effect that she had progressed as far as the bottom step of the car and had raised one of her feet to alight when the car was started with a jerk, and that the grip in her hand then overbalanced her and she fell to the platform and across her grip. So that we think, if it be conceded that we would not be authorized to overrule appellant's proposition because not maintainable as a whole, and that this charge could properly have been given, yet a refusal to do so seems nonprejudicial. The evidence shows that the warning, if heard by appellee's wife, was not in time to enable her to grasp its import and act thereon. In addition to which we think the fifth special charge here considered was in fact properly rejected, if for no other reason, on the ground that the jury would thereby have been instructed that if they found the facts recited in the special charge, and that such facts constituted negligence on the part of appellee's wife, they should find for appellant without regard to whether such negligence contributd to the injury. See Railway Co. v. Mangham, 29 Texas Civ. App., 486, 69 S. W. Rep., 80. The assignments and propositions here referred to will therefore be overruled.

In the third assignment the fifth paragraph of the court's charge is questioned in substance on the ground that the burden was thereby cast

upon appellant to give appellee's wife time enough to get off the train safely if she acted with reasonable diligence irrespctive of whether the train in fact stopped the reasonable and usual length of time to enable her to do so. The proposition on this point in part is that "it is not negligence per se for a railroad company to move its train before every passenger has had time, no matter how circumstanced or situated, to alight in safety." While perhaps not objected to upon the same ground, our Supreme Court in the case of Texas & P. Railway v. Miller, 79 Texas, 78, 15 S. W. Rep., 264, approves a charge quite similar to the fifth clause of the court's charge in this case. We think the court announced a correct proposition of law, particularly as applied to the facts of this case. Appellee's evidence tended to show that the train stopped at Paradise on the occasion in question less than one minute, while that of appellant was to the effect that it stopped as long as three minutes and the usual time allowed passengers for alighting. It seems to us that the principle invoked by appellant is not here applicable. The issue made by the evidence seemed to be merely whether the train stopped a time confessedly too short, or a time long enough to have enabled appellee's wife to have gotten off safely under the circumstances even as detailed by her. It must certainly be held as a matter of law to be the duty of a railway company receiving passengers for transportation to give them such reasonable time as will enable them to alight at their destination under the usual and ordinary circumstances.

Under the sixteenth assignment objection is made to the tenth paragraph of the court's charge, which has been hereinbefore quoted. It is insisted that this charge was erroneous in that the effect of the contributory negligence of appellee's wife, if any, was limited by requiring the jury to find that such "negligence contributed to her fall." In other words, it is insisted that under the facts, if appellee's wife attempted to get off the train while it was in motion, that the attempt "necessarily contributed to cause the fall, and it was error to submit this issue to the jury," the cases of Railway Co. v. McCoy, 90 Texas, 264, 38 S. W. Rep., 36; Railway Co. v. Rowland, 90 Texas, 365, 38 S. W. Rep., 756, and Railway Co. v. Mitchell, 45 S. W. Rep., 945, being cited in support of this contention. We find no reversible error pointed out in this assignment. While true that it has been frequently decided to be erroneous to submit as doubtful an issue conclusively established by the evidence, yet we do not think this case comes within that rule. For instance, in this case the issue of whether appellee's wife was a passenger upon the train as alleged, and attempted to get off, etc., was repeatedly submitted to the jury together with other issuable facts. It is undisputed that she was such passenger and did attempt to get off the train, yet who will say that reversible error was committed because such issue was submitted? In appellee's petition it was distinctly alleged that her injuries were the result of the fall and of the negligence of defendant; appellant in its answer as distinctly alleged contributory negligence on the part of ap-

pellee's wife, and that such contributory negligence proximately contributed to her injuries, so that in the pleadings at least the issue, to the submission of which objection is made under this assignment of error, was made. Besides, the court, in the seventh, eighth and tenth paragraphs of his charge, instructed the jury that should they find the appellee's wife guilty of contributory negligence in the matter of her attempt to get off the train, they should find for appellant, even though they should further find that appellant "was guilty of all of the negligences charged against it." The evidence as interpreted by the verdict establishes the proposition that appellee's wife was not guilty of contributory negligence in the particular here referred to, and we hence fail to see prejudicial error in the respect complained of in the sixteenth assignment, which we therefore overrule. Other criticisms of the charge are made, but we think them without substantial merit.

The remaining assignments have all been carefully examined, but we find no reversible error presented in any of them.

We think the opinion of the husband as to the value of his wife's services, to which objection is made in the first assignment, was admissible together with the facts stated by him and others to the effect that she had been able to perform all of the ordinary duties of the household and family prior to the injury, but not thereafter. The testimony of J. A. Armes, to the exclusion of which objection is made in the second assignment, was clearly hearsay, being predicated alone upon letters not accounted for, written by appellee's wife to other members of her family.

Special charge number 6 was properly refused, if for no other reason in that appellant, in specifying the acts of contributory negligence relied upon, omitted to attribute any negligence to appellee because of a failure on his part to earlier call in medical assistance in the treatment of his wife. Appellant's seventh special instruction we think sufficiently covered by the sixth clause of the court's charge, while the eleventh special instruction excludes the issue of negligence in the porter in failing to assist appellee's wife. We find nothing in the evidence calling for the ninth and tenth special charges to the effect that if the jury found appellee's wife negligent in failing to call on the porter to assist her to find for the defendant. There is no evidence indicating that the porter was present so that appellee's wife could have preferred at the proper time such a request, and we know of no duty resting upon a passenger to hunt up a porter for any such purpose.

The remaining assignments relate to alleged errors in the court in overruling the motion for new trial, and to an alleged excess in the verdict. They may all be disposed of by the general statement that the evidence on the issues was merely conflicting, and by no means so strongly preponderates against the verdict as to authorize us to disturb it. While there was evidence tending to show that the condition of appellee's wife was due to other causes, yet her testimony and that of her husband and of their neighbors tended to the contrary, and her testimony, as also the testimony of physicians, tended to establish injuries of a serious and

permanent character, and we do not feel authorized to disturb the verdict as excessive.

Believing that no reversible error has been committed in the admission or rejection of evidence, or in the submission or rejection of charges, and that the evidence supports the verdict, the judgment will be affirmed.

*Affirmed.*

Writ of error refused.