KETCHUM v. BOGGS.  (No. 7720.)

(Court of Civil Appeals of Texas. Dallas.
March 3, 1917.  On Rehearing,
April 14, 1917.)

1. JUDGMENT &corig;256(1)—NEW TRIAL &corig;65—
ENTRY ACCORDING TO JURY'S FINDINGS.

Under the statute the court must enter judgment in accordance with the jury's findings whether or not they be correct, though thereafter, if he considers them erroneous, he may grant a new trial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446, 454; New Trial, Cent. Dig. § 130.]

2. EVIDENCE &corig;372(10) — ANCIENT INSTRUMENTS—RECORD.

The record of a deed purporting to have been executed 35 years before, but recorded only 5 years before, is not admissible as an ancient instrument as proof of recitals in it.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1625.]

3. EVIDENCE &corig;383(7) — ANCIENT INSTRUMENTS—MATTERS PROVED.

A deed, even if an ancient instrument, is not proof of the recital therein that the grantor was the surviving widow of deceased and qualified as survivor of the marital partnership; the presumption being that this can be shown by the court records of the proper county.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1668.]

4. JUDGMENT &corig;199(5)—MOTION FOR JUDGMENT—MATTERS TO BE CONSIDERED.

Exhibits not before the jury to whom the case was submitted are improper for the court's consideration on motion for judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 370.]

On Rehearing.

5. APPEAL AND ERROR &corig;1180(3)—EFFECT OF REVERSAL.

Reversal on appeal by a defendant from judgment for plaintiff in trespass to try title affects only them and those parties to the suit who were interested in the issues in litigation between them.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4658, 4659.]

6. APPEAL AND ERROR &corig;1180(3)—JURISDICTION—SEPARATE JUDGMENTS.

On appeal only by defendant K. from judgment for plaintiff, B., in trespass to try title, in which defendant P. filed a cross-bill and made others parties and raised issues different from those between K. and B. on which judgment was rendered, the court has no jurisdiction even to affirm for nonappeal such other judgment; the judgments being separate and distinct and in no way dependent one on the other.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4658, 4659.]

Appeal from District Court, Henderson County; John S. Prince, Judge.

Action by George E. Boggs against W. H. Ketchum and others.  Judgment for plaintiff, and the named defendant appeals.  Reversed and remanded.

W. R. Bishop, of Athens, for appellant. Miller & Miller, of Athens, and Terry & Brown, of Kaufman, for appellee.

RAINEY, C. J.  This is an action of trespass to try title brought by appellee against appellant and others to recover the title and possession of 96½ acres of land in W. P. Wyche's 640-acre survey, situated in Henderson county, Tex.  Appellant answered by plea of not guilty and three, five, and ten year statute of limitation.  The cause was submitted to a jury on special issues, answers returned, and judgment entered by the court for appellee.

The common source of title was John S. Martin, and one of the links in appellee's chain of title was a deed from Martin to Le Gierse & Co., and two of the special issues submitted to the jury were:

(1) "Does the deed of date November 5, 1875, from John S. Martin to Le Gierse & Co. include the land described in plaintiff's petition?" Which was answered by the jury "No."

(2) "Have defendants Brooks and Ketchum and those under whom they hold for ten years previous to the filing of this suit claimed the land in controversy, or did they claim to the north line thereof?"  The jury answered: "We agree that the defendants claimed to the south boundary line."

[1] The findings of the jury on these two issues were favorable to appellant.  They were proper issues for submission to the jury, having been raised by the pleadings and evidence, and, whether or not the findings of the jury were correct, the court was bound to render a judgment in accordance therewith. If the said deed did not in fact embrace the land in controversy, the appellee was not entitled to recover, and he was not entitled to recover if the statute of limitations had barred plaintiff's right to recover and the same result should obtain.

The statute requires that the court shall enter a judgment in accordance with the findings of the jury, whether or not such findings are correct or erroneous.  If he considers such findings erroneous, he must nevertheless so enter the judgment, but grant a new trial.  The court on the other answers of the jury and other circumstances rendered a judgment for the appellee, which we do not believe he was authorized to do.

Appellant also presents the following assignment of error:

"The court erred in not rendering judgment against the plaintiff and in favor of the defendant Ketchum for the reason that the plaintiff did not show title in himself to the land sued for, the deed from Cecile Le Gierse to M. Lasker conveying no title, and there being no evidence to show title out of Le Gierse & Co., the recitals of the above-named deed not being evidence to show authority on the part of Cecile Le Gierse to make said deed, there being no proof that she was the surviving widow of Louis Le Gierse or that Louis Le Gierse was a member of the firm of Le Gierse & Co., or that Le Gierse & Co. was a copartnership firm, and not a corporation, and there being no evidence to show that Cecile Le Gierse ever qualified as sur-

vivor of the marital partnership, or that the land which said deed purports to convey was community property of Louis Le Gierse and Cecile Le Gierse, and no authority is shown in her to convey said land, and because there is no evidence showing that Le Gierse & Co. was a wholesale liquor copartnership, or that M. Lasker was a member of the firm at the time deed was made to Le Gierse & Co., and because to accept said deed as evidence would be to build one presumption upon another which is never allowed, because the rule is elementary that a presumption can legally be indulged in only when the facts from which the presumption arises are proved by direct evidence, and that one presumption is not to be deduced from another."

With this assignment is the following proposition:

"The record of deed from Mrs. Cecile Le Gierse to M. Lasker of date April, 1877, filed for record May 18, 1911, and recorded in Henderson County Deed Records May 19, 1911, does not, as an ancient instrument, prove the truth of its recitals."

[2, 3] The evidence shows the record of a deed from Mrs. Cecile Le Gierse to M. Lasker, dated April, 1877, but shows it was never recorded until May, 1911. This instrument purports to convey the right, title, interest, and estate of the late Louis Le Gierse in the partnership estate heretofore carried on in the county of Galveston, state of Texas, by said Louis Le Gierse, deceased, and said M. Lasker as partners in the liquor business, both real and personal belonging to said business under the name of Le Gierse & Co., which recites:

"That I, Cecile Le Gierse, the surviving widow of Louis Le Gierse, deceased, having qualified as survivor of the marital partnership under the statutes regulating community rights in property according to the laws of the state of Texas," etc.

The deed record introduced in evidence is but a copy of the original instrument, and which original was never introduced in evidence, but recorded in 1911. The record of this instrument is not sufficient to show it is an ancient instrument (Ehrenberg v. Baker, 54 S. W. 437), and the recitation in said instrument that Cecile Le Gierse was the surviving widow and had qualified as marital partner of Louis Le Gierse is not sufficient proof of that fact and other proof is required to establish it. The presumption is that this can be shown by the court records of Galveston county. Tucker v. Murphy, 66 Tex. 355, 1 S. W. 76.

[4] Appellee attached to his motion to the trial court for judgment certain documents, and asked that they be considered as a part thereof, viz. a transcript of the proceedings in the probate court of Galveston county, Tex., showing Mrs. Cecile Le Gierse, grantor, to M. Lasker, to be survivor in community of herself and Louis Le Gierse, deceased, and showing Louis Le Gierse to have been dead at the date of the deed to Lasker, also showing Louis Le Gierse to be of the mercantile firm of Le Gierse & Co., also affidavit of C. G.

Hatch as to M. Lasker being of the firm of Le Gierse & Co, which exhibits were asked to be considered in support of the motion for judgment on those questions arising for determination by the court, and not in connection with any question submitted to the jury. These exhibits were not before the jury, and, the case having been submitted to the jury, they could not form a basis for a judgment, and were improper for the court's consideration.

The judgment is reversed, and cause remanded.

### On Rehearing.

The motions of appellant and appellee for rehearing are overruled.

[5, 6] We are asked to affirm the judgment as to those parties who did not join in the appeal. W. H. Ketchum was the appellant from a judgment in favor of appellee, Boggs, and the reversal only affects those two and those parties to the suit who were interested in the issues in litigation between them.

Defendant Peck filed a cross-bill and made others parties to the action and raised different issues from those between Ketchum and Boggs, upon which judgment was rendered, and which are separate and distinct and in no way dependent one upon the other. So this court was not called upon to act on that part of the judgment relating to Peck and those whom he made parties, as there was no appeal from that part of the judgment. We have no jurisdiction of the matter to dispose of the others, but left it to stand as rendered.