**REESE et ux. v. REESE.    (No. 1439.)***

(Court of Civil Appeals of Texas.  Beaumont. Dec. 20, 1926.  Rehearing Denied Jan. 5, 1927.)

**1. New trial ⚖️102(1)—Overruling motion for new trial for newly discovered evidence held not error, where diligence to discover evidence was not alleged.**

Overruling motion for new trial for newly discovered evidence *held* not error, where diligence to discover evidence was not alleged and there was no showing but that evidence might have been discovered before trial, and it did not appear that evidence would have produced a different result if offered on trial.

**2. Judgment ⚖️199(1)—Court cannot disregard jury's answers to special issues or findings, but must either render judgment under findings or set verdict aside.**

When case is tried on special issues, court cannot disregard answers or findings of jury, but must either render judgment according to findings or set verdict aside and grant new trial; doctrine of judgment non obstante veredicto not being applicable.

**3. Appeal and error ⚖️731(5)—Assignment that rights in property conveyed for unpaid purchase money are not established in absence of proof of amount unpaid held too general for consideration.**

In suit to cancel deed, assignment that rights in property conveyed because of unpaid purchase money are not established in absence of proof of amount remaining unpaid *held* only general statement complaining of insufficiency of evidence to support verdict, and cannot be considered.

**4. Trial ⚖️365(1)—Finding that notes for deed had not been paid held finding that no consideration was paid to grantor.**

In suit to cancel deed and vendor lien notes as part of consideration, finding that deed was not intended to convey title except to purchaser to make sale to others, and that notes had not been paid, *held* finding that no consideration was paid to grantor and that none was to be made by purchaser until he sold land for grantor's benefit.

Appeal from District Court, Orange County; V. H. Stark, Judge.

Suit by Mrs. Susan A. Reese against Ben F. Reese and wife.  From a judgment for plaintiff, defendants appeal.  Affirmed.

O. R. Sholars, of Orange, and Geo. Holland, of Beaumont, for appellants.

Dies, Stephenson & Dies, of Orange, for appellee.

O'QUINN, J.  This suit was brought by Mrs. Susan A. Reese, a feme sole, against her son, Ben F. Reese, to cancel a certain deed executed by her conveying to him a certain tract of land, and to cancel certain vendor lien notes mentioned in the deed as a part of the consideration for the conveyance, and, in the alternative, if the cancellation of the deed was denied, she prayed for judgment for the amount of the consideration named in the deed, with interest, and for foreclosure of the vendor's lien.

For cause of action, plaintiff alleged that on January 10, 1920, she was the owner of the land in controversy, and that she desired to sell same for $3,000, and that on said date her said son (who was married and with his family was living in the house with his mother on the land) represented to her that if she would execute to him a general warranty deed to said land that he would sell same for her for that amount.  The deed recited a consideration of $1,000 cash and four vendor lien notes of $500 each.  Plaintiff alleged she did not receive the $1,000 nor any part of same.

We do not deem it necessary to set out at length the various matters and representations alleged by plaintiff to have been made to her to induce her to execute the deed, but will say that they were material, well and fully pleaded, and, if true, sufficient to entitle plaintiff to the relief prayed for and granted.

Appellants, defendants below, answered by general demurrer, general denial, and specially denied that the deed was executed because of the representations alleged by plaintiff, but that said deed was fully understood by plaintiff as conveying the land to him, was upon a fair and adequate consideration, all of which had been fully paid, and that plaintiff had executed a release of the lien retained in the notes, by virtue of all which they were the owners of the land.  They also pleaded improvements in good faith, and, in the event they were denied title and possession of the land, that they then have

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 2, 1927.

judgment for the value of their improvements.

Appellee replied to the answer of appellants by appropriate exceptions and general denial, and specially denied that she had received any of the consideration mentioned in the deed, or that she had executed a release to the vendor lien notes, or that she had authorized a release of same, for the reason that they had never been paid, and that if she had signed any such release she was mislead into doing so. This answer was duly verified.

The case was tried to a jury upon special issues, in answer to which the jury found: (1) That the deed was made with the understanding between plaintiff and defendant Ben F. Reese that the land was conveyed to him for the purpose only of allowing him to make sale of same to other parties; (2) that plaintiff, Mrs. Susan A. Reese, did sign the release in question; and (3) that the vendor lien notes were never paid.

Upon this verdict judgment was rendered for appellee, canceling the deed and awarding her possession of the land. Motion for a new trial was overruled, and the case is before us on appeal.

Appellants' brief presents three propositions:

[1] First, that the court erred in not granting the motion for a new trial on the grounds of newly discovered evidence. This assignment is overruled. The diligence exercised by appellants to discover the evidence is not alleged, and there is nothing in the record to show but that same might have been discovered before the trial of the case. Moreover, we do not think the evidence as shown by the affidavits of the proposed witnesses attached to the motion was such as would probably have produced a different verdict if same had been offered on the trial, or would produce a different result upon another trial. And, further, it was not, in our opinion, admissible on the main issue of false representations inducing the execution of the deed.

[2] Second, appellants assert that, having shown legal title in themselves to the property in controversy, the court should have disregarded the verdict of the jury and have rendered judgment for them. When a case is tried upon special issues, the court is not authorized to disregard the answers or findings of the jury, but must either render judgment according to the findings or set the verdict aside and grant a new trial. The doctrine of judgment non obstante veredicto does not apply.

[3, 4] Third, appellants say "that rights in property legally and absolutely conveyed arising by reason of unpaid purchase money are not established in the absence of proof of the amount remaining unpaid." We do not believe that this assignment points out any error, but that it is only a general statement, complaining of the insufficiency of the evidence to support the verdict and judgment, therefore not to be considered. However, in the first place, the verdict of the jury, which, we think, is amply supported by the evidence, establishes that the land was not conveyed to appellant Ben F. Reese with intent to invest title to same absolutely and completely in him, but that he received same for the purpose only of allowing him to make sale of the land for his mother to other parties, and with no intent to invest him with the title; secondly, the verdict of the jury finding that the deed was not intended to convey title to appellant, as the purchaser of the property, but for him to make sale to others, and the further finding that the notes mentioned in the deed had not been paid, was necessarily a finding that no consideration of any kind was paid to appellee, and that none was to be made by appellant unless and until he sold the land for the benefit of appellee, which he did not do, but, to the contrary, set up title in himself, which claim the jury found against him. The assignment is overruled.

The judgment should be affirmed, and it is so ordered. Affirmed.