**MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS v. CHEEK.**
(No. 3701.)

Court of Civil Appeals of Texas. Texarkana.
May 18, 1929.

Rehearing Denied June 6, 1929.

B. M. McMahan, of Greenville, for appellant.

Edwards & Hughes, of Tyler, and Bozeman & Cathey, of Quitman, for appellee.

HODGES, J. This suit was filed by the appellee to recover damages in the sum of $50,000 for personal injuries caused by the alleged negligent operation of one of the appellant's trains. The facts show that in August, 1926, appellee was driving a team of mules drawing a wagon over a public highway parallel with and near appellant's line of railroad in Hunt county. The wagon was loaded with hay, on the top of which the appellee was seated while driving. He was traveling in a southeasterly direction. A train approached going in the opposite direction, and as it passed emitted steam, making a loud noise, which frightened the team the appellee was driving, causing them to run away and overturn the wagon, thereby inflicting serious bodily injuries upon the appellee.

Negligence is alleged on the part of the trainmen (1) in causing the unnecessary emission of steam and the making of unusual and unnecessary noise so near the public highway along which the appellee was traveling; and (2) in the continuation of such noise and emission of steam after discovering that the team had become frightened.

In addition to demurrers, a general denial, and other special defenses not necessary to be noticed, the appellant pleaded contributory negligence. The substance of that plea is as follows: The highway at the point where the injury occurred runs parallel with appellant's railroad track, and within about 50 feet of the nearest rail, for a considerable distance in both directions. The highway is about 30 feet wide, with ditches on each side. The plaintiff was driving a team of young mules, and should have known that it was unsafe to drive such animals so near a railroad track over which trains might be expected to pass at any time. The country where the accident occurred was an open prairie; the road was down grade and narrow; the wagon was loaded with about 30 bales of hay piled high above the wagon, on the top of which the plaintiff was seated. The character of the country was such that the plaintiff could easily see for a considerable distance a train approaching from the direction in which he was traveling. The plaintiff could have prevented the injury by alighting from the wagon before the mules ran away. The plaintiff was negligent (1) in driving a pair of young mules so near the much-used railroad track; (2) in the manner in which his wagon was loaded before going upon the highway; and (3) in failing to alight from the wagon upon discovering the approach of the train.

After the close of the testimony the court submitted the case upon special issues. The charge begins: "This case will be submitted to you upon special issues; that is, certain questions will be propounded to you, and your answers to the questions will constitute your verdict. When you have answered the questions submitted to you, it will then become the duty of the court to render such judgment as the law directs, *based upon your answers.* (Italics ours.) To aid you in answering the questions certain definitions and instructions will be given." Then follow general definitions of "ordinary care," "negligence," and "proximate cause," which are in no way involved in this appeal.

In response to the special interrogatories, the jury answered, in substance, as follows: (1) That the engineer operating the train, while approaching the place where the plaintiff was driving, caused an unusual and unnecessary emission of steam and noise. (2) That such unusual and unnecessary noise was reasonably calculated to frighten teams of reasonable gentleness and dependability. (3) That such acts on the part of the engineer were negligent, and a proximate cause of the plaintiff's injury. (4) That the engineer operating the train did not discover that plaintiff's team was becoming frightened at the escape of steam and the noise caused by the operation of the train. (5) That the plaintiff was not guilty of negligence in driving that team of mules upon the highway at the time and place. (6) That the plaintiff was guilty of negligence in driving the team and wagon upon the highway at the place in question with the wagon loaded in the manner shown by the evidence. (7) That the plaintiff was guilty of negligence in failing to stop the team and get off the wagon when he discovered the

train approaching. (8) That the negligence of the plaintiff, found in response to the previous questions, caused or contributed to cause his injury. In response to a special interrogatory requested by the plaintiff and submitted by the court, the jury found that the negligence of the engineer operating the train placed the plaintiff in a perilous situation and emergency. The jury assessed the value of plaintiff's injuries at $4,000.

After the verdict had been returned the appellee filed a motion to set it aside and grant a new trial. That motion seems to have been ignored. But without stating any reason therefor, or making any additional findings of fact, the court entered a judgment against the appellant for $4,000. The record comes to us without any statement of facts. The only question presented in the appeal is: Did the court err in rendering a judgment against the appellant upon the facts found by the jury?

██ Article 2209 of the Revised Civil Statutes provides: "Where a special verdict is rendered, or the conclusions of fact found by the judge are separately stated, the court shall render judgment thereon unless set aside or a new trial is granted." It has been frequently decided that this statute must be complied with, regardless of any error committed by the jury in reaching the conclusions stated in the special findings. Massie v. Hutcheson (Tex. Com. App.) 270 S. W. 544; G., C. & S. F. Ry. Co. v. Canty, Judge, 115 Tex. 537, 285 S. W. 296; Ketchum v. Boggs (Tex. Civ. App.) 194 S. W. 201; Reese v. Reese (Tex. Civ. App.) 289 S. W. 1023. It is true that immaterial findings made by the jury may be disregarded, and the court may render a judgment based upon other findings of his own, which are not in conflict with the findings of the jury.

██ In this case the jury found that the employees of the appellant who were operating the train were guilty of negligence which proximately caused the appellee's injuries. They also found that the appellee was "guilty of negligence in driving the team and wagon upon the highway at the place in question, with the wagon loaded as the evidence shows it to have been loaded," and, further, that he was "guilty of negligence in failing to stop the team and get off the wagon when he discovered the train approaching on the occasion in question." They further found that this negligence of the plaintiff did cause or contributed to cause his injuries. In other words, the jury found that, if the appellee had not driven his wagon upon the highway loaded as it was on that occasion, or if he had alighted from the wagon when he saw the train approaching, he would not have been injured. After eliminating the issue of discovered peril as a distinct ground of recovery, contributory negligence on the part of the plaintiff in the suit, which proximately caused or contributed to cause his injuries,

would be a complete defense, notwithstanding the primary negligence of the appellant's servants in operating the train.

Evidently the trial judge, for some reason not stated in the record, disregarded the findings of the jury on the issues of contributory negligence. The controlling question then is: Did he have a right to disregard those findings? As previously stated, the statute expressly requires, in cases where special verdicts are rendered, that the judgment must be entered in accordance with the findings of the jury. The action of the court is defended upon two grounds: One is that the answers of the jury upon those issues did not involve a finding that the plaintiff's negligence was a proximate cause of his injuries; the other is that, the jury having found that he was placed in a perilous situation by the negligence of the appellant's agents before the injury occurred, for that reason the defense of contributory negligence had no application to the case. The last ground stated will be the first considered.

██ In the absence of a statement of facts, we must presume that the evidence supported every fact found by the jury, and every additional fact which the court might have found in order to authorize the judgment rendered. But we must also presume that the testimony admitted and considered was limited to such as would support the issues made by the pleadings, and that the facts proved by the plaintiff were substantially those alleged in his petition. He pleaded, in substance, that his mules were frightened by the negligence of the appellant's servants in operating the train, and were caused to run away with his wagon, "throwing plaintiff out of said wagon into said ditch, and causing said wagon and load thereof to overturn on plaintiff, crushing and injuring his back," etc.

██ He did not plead a perilous situation as an excuse for doing any act which caused his injuries, or for his failure to take some precaution to prevent the injuries. If he proved the facts which he alleged, he was injured because he remained on the wagon after the mules became unmanageable. The necessary inference is that, if he had alighted from the wagon upon discovering the approach of the train, no personal injuries would have resulted from the fright of the team. The finding of the jury that plaintiff was negligent in failing to get off the wagon upon discovering the approach of the train carries the implication that he could have alighted before the accident, and that in the exercise of ordinary care for his own safety he should have taken that precaution. That finding of the jury is wholly inconsistent with the conclusion that, when appellee discovered the approach of the train, his situation was so perilous that he could not be expected to conform to the ordinary standards of prudence. Certainly he was not in a perilous situation

in beginning his journey with a wagon loaded in the manner shown by evidence, which the jury must have considered in reaching their verdict upon that issue.

 The second reason presented in support of the judgment is, we think, equally insufficient. The jury found, in answer to a special interrogatory, that the negligence of the plaintiff "caused or contributed to cause" his injuries. If the failure to alight from the wagon before it was carried into the ditch by the frightened team and overturned was the "cause" of the injuries resulting from being thrown from the wagon, there is no room to doubt its legal proximity. Hines v. Foreman (Tex. Com. App.) 243 S. W. 479. When the state of the record is such that the proximity of the negligent act, or the negligent failure to act, may be assumed as a matter of law, it is error to submit that issue to the jury. Only those issues about which reasonable minds may differ should be referred to the jury. T. & P. Ry. Co. v. McCoy, 90 Tex. 264, 38 S. W. 36; G., C. & S. F. Ry. Co. v. Rowland, 90 Tex. 365, 38 S. W. 756; Culpepper v. International & G. N. R. Co., 90 Tex. 627, 40 S. W. 386; S. A. & A. P. Ry. Co. v. Lester, 99 Tex. 214, 89 S. W. 752.

We are of the opinion that the court should have entered a judgment in favor of the appellant upon the answers made by the jury. The judgment will therefore be reversed, and judgment here rendered for the appellant.