WEISNER et al. v. MISSOURI, K. & T. RY. CO. OF TEXAS. (No. 33–2679.)

(Commission of Appeals of Texas, Section B. Jan. 15, 1919.)

1. APPEAL AND ERROR ⟨=⟩1066—SUBMITTING ISSUES NOT RAISED—REVERSIBLE ERROR.

Giving an erroneous instruction on contributory negligence not raised by the pleadings or the evidence was reversible error.

2. TRIAL ⟨=⟩139(1), 140(1)—WEIGHT OF TESTIMONY—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.

The jury are the judges of the credibility of the witnesses and weight to be given the testimony.

3. APPEAL AND ERROR ⟨=⟩930(2)—OBEDIENCE TO CHARGE—PRESUMPTION.

The court on appeal must presume that the jury in determining the facts and reaching a verdict gave proper attention to the charge.

4. APPEAL AND ERROR ⟨=⟩1170(1)—REVIEW—PROVINCE OF SUPREME COURT.

Supreme Court Rule 62A (149 S. W. x) was not intended to deprive the Supreme Court of the power to determine for itself whether any erroneous action of the trial court was of such character as amounted "to such a denial of the rights of the plaintiffs as was reasonably calculated to cause and probably did cause the rendition of an improper judgment."

5. APPEAL AND ERROR ⟨=⟩1064(1) — ERRONEOUS INSTRUCTION—PREJUDICIAL ERROR.

Where there is a sharp conflict in the testimony as to liability, the giving of a charge which imposes upon plaintiff a greater burden than is required by law is calculated to prejudice plaintiff and cause the jury to render an improper verdict.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Tom Weisner and others against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for defendant was affirmed by the Court of Civil Appeals (164 S. W. 405), and plaintiffs bring error. Reversed and remanded for new trial.

Y. D. Harrison and Beard & Davidson, all of Marshall, for plaintiffs in error.
L. S. Schluter, of Jefferson, for defendant in error.

MONTGOMERY, P. J. This suit was brought by Tom Weisner, the surviving husband, and the surviving children, of Roxanna Weisner, to recover of the Missouri, Kansas & Texas Railway Company of Texas damages alleged to have resulted by reason of the death of Roxanna Weisner. Plaintiffs allege that the death of Roxanna Weisner was caused by the negligence of the defendant company.

The opinion of the Court of Civil Appeals, 164 S. W. 405, contains a full statement of the pleadings and the evidence.

It appears that Roxanna Weisner was a passenger, and it was alleged by the plaintiffs that she was negligently injured by reason of a sudden and violent movement of the train as she was in the act of getting off the train at her destination. It is further alleged that said injuries resulted in her death. There was testimony, which if believed by the jury, was sufficient to authorize findings that the railway company was negligent as alleged in plaintiffs' petition, that such negligence was the cause of the injury of Roxanna Weisner, and that such injuries resulted in her death. On the other hand, the testimony offered by the railway company, if accepted, showed that there was no sudden movement of the train, that Roxanna Weisner was not injured while a passenger, and that her death was the result of disease.

It is not necessary to notice the pleadings further than to state that the petition was sufficient and that the defendant pleaded only a general denial.

In this state of case, the court, after stating the substance of the pleadings, charged the jury, among other things, as follows:

"The burden of proof is upon the plaintiffs to show by preponderance of the evidence their right to recover.

"In the course of these instructions, the terms 'negligence,' 'very high degree of care,' 'ordinary care,' 'proximate cause,' 'proximate result,' will be made use of, and they are defined as follows."

Here follows the usual definition of each of the terms referred to and a correct statement of the duties of a carrier to a passenger. Following this, the charge of the court continues:

"It is the duty of a person while a passenger on the train of a common carrier of passengers, in traveling thereon or alighting therefrom, to exercise that degree of care that a very cautious and prudent person would exercise.

"You are instructed that the defendant railway company was not an insurer of the safety of plaintiff's wife while a passenger on its train, and it was her duty while traveling on the train, or in alighting therefrom, to use that degree of care to avoid injury to herself that a very cautious and prudent person would exercise under the same circumstances, and that a

---

⟨=⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

failure to use such care would be negligence on her part and, if such negligence on her part, if any, caused or contributed to cause any injury, she may have received, if any, then plaintiff cannot recover."

After the above charge, the court, by a proper charge, defines the duties of the railway company to a passenger and applies the same to the facts of the case, telling the jury in effect that if the railway company failed to use that high degree of care required of it, and if, as a result of such a failure, the plaintiff's wife was injured, then judgment should be for the plaintiff.

The Court of Civil Appeals very properly held that the charge above quoted, defining the duties of a passenger, was improper and ought not to have been given in this case, because it required of the passenger a higher degree of care than is authorized by law, and further held there was neither pleading nor evidence raising the issue in this case.

Notwithstanding this holding by the Court of Civil Appeals, the court affirmed the judgment of the lower court, denying the plaintiff any recovery on the ground that the giving of said charge was harmless error.

[1] The only question which we have for determination is whether the giving of the charge referred to, under the facts of this case, is such error as requires a reversal of the judgment.

. The plaintiff's evidence, if true, made a case against the railway company, which would authorize a finding of negligence, that plaintiff's wife was injured by reason of such negligence, and that such injury resulted in her death. On the other .hand, the testimony of the witnesses for the railway company, if given credence, precluded any recovery, because the testimony showed that the railroad company was not guilty of any negligence, that Roxanna Weisner was not injured while a passenger, and that her death was due to disease.

[2, 3] This was a jury trial, and, under the law, . the jury were the judges of the credibility of the witnesses and the weight to be given the testimony. The jury are required, both by their oath and the charge of the court, to accept the law as given in charge by the court and be governed thereby. Theoretically at least, they are governed and controlled by the instructions given. We must therefore presume that in this case, as in all others, the jury, in determining the facts and reaching a verdict, gave proper attention to the charge.

The charge of the court in this case told the jury that the burden of proof was on the plaintiffs to make out their case by a preponderance of the evidence. They were then told that the railway company was not an insurer of the safety of plaintiff's wife while a passenger, and that it was her duty to use a very high degree of care to avoid injury, and that a failure to do so would be negligence, which would preclude a recovery by the plaintiff.

We think, taking the charge as a whole, that the effect of the charge was, and that the jury in all probability understood it, to place the burden of proof upon the plaintiffs, not only to show negligence on the part of the railway company, but to show that the plaintiff's wife was in the exercise of that high degree of care for her own safety which a very prudent person would exercise under the same circumstances. It may be that the jury based its verdict for the defendant upon the failure upon the part of the plaintiffs to prove that Roxanna Weisner exercised .the proper degree of care for her own safety. There being no pleading raising the issue of contributory negligence, such issue should not have been referred to in the court's charge. There being no evidence upon the issue, the charge was also objectionable and probably prejudicial, in that the jury may have, from the giving of the charge, inferred that in the opinion of the court there was evidence of negligence on the part of the passenger.

We think that the error of the court, here shown, should not be held harmless, as in order to do so we must assume either that the jury did not believe the testimony of the plaintiff's witnesses or ignored the charge of the court. We prefer to assume that the jurors, in reaching a verdict, were governed by the instructions given. We think that the giving of the charge above indicated was such error as requires a reversal of the judgment.

In passing upon this question, we have not failed to bear in mind Rule 62A (149 S. W. x) prescribed by the Supreme Court for the government of the Courts .of Civil Appeals. Before the adoption of that rule, it was always held in this state that the giving of a charge upon an issue not raised by the evidence was reversible error unless it clearly appeared that the jury were not misled thereby. T. & P. Ry. Co. v. McCoy, 90 Tex. 264, 38 S. W. 36.

Rule 62A provides:

"That no judgment shall be reversed upon appeal and a new trial ordered on the ground that the trial court had committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment."

[4] We do not think this rule was intended to deprive the Supreme Court of the power to determine for itself whether any erroneous action of the trial court was of such character as amounted "to such a denial of the rights of the plaintiffs as was reasonably calculated to cause and probably did cause the rendition of an improper judgment."

[5] In a jury case where there is a sharp conflict in the testimony, as to liability, the giving of a charge which imposes upon the plaintiff a greater burden than is required by law is calculated to prejudice the plaintiffs and cause the jury to render an improper verdict. It is never possible in such case for any appellate court, where the case is submitted under a general charge, to say upon what ground the jury acted.

In conclusion, our opinion is that the error in this case was of such a nature as requires that the judgment shall be reversed, and we recommend that the judgment of the district court and the Court of Civil Appeals be reversed and this case remanded for a new trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. The case is correctly remanded upon the ground stated by the Commission in its opinion.