## J. L. LANCASTER ET AL., RECEIVERS, v. BEN E. FITCH.

### No. 3794.   Decided January 10, 1923.

### (246 S. W., 1015.)

**1.—Negligence—Charge—Concurring Causes—Harmless Error—Rules for Appellate Court.**

Error in the submission by the charge of one of three grounds of negligence by defendant, each alleged and each submitted by the charge as an independent ground for recovery, with a general verdict for plaintiff, not showing on what ground or grounds it was based, cannot be held harmless. Such recovery cannot be sustained under Rule 62a (104 Texas, 658) for the Courts of Civil Appeals, as an error which did not probably cause the rendition of an improper judgment.   (pp. 295-299).

**2.—Negligence—Defective Machinery—Proximate Cause—Concurring Causes—Question of Fact.**

Plaintiff, a railway brakeman, having gone between freight cars for the purpose of turning an angle cock on the air brake connections, was injured by the movement of the cars while so engaged. He asserted negligence in that the angle cock was defective and hard to turn, requiring him to enter further between the cars and exert greater strength to do this. *Held*, that such negligence could not be pronounced a remote, and not a proximate cause of the injury, and that the question whether proximate was properly left to the jury as one of fact for their determination. This remained true, though the negligent movement of the train while he was between the cars, and the presence of a spike in the tie which caught his foot, as independent grounds of negligence, contributed to cause his injury.   (pp. 299-303).

**3.—Same.**

Where injury from negligence asserted arises only from combination with another negligent act, the question whether the former was also a proximate cause depends on whether defendant might have anticipated such injury as a result of it, and so becomes ordinarily a question of fact for the determination of the jury.   Gonzales v. City of Galveston, 84 Texas, 3; Mexican Natl. Ry. Co. v. Mussette, 86 Texas, 708; Weisner v. Missouri, K. & T. Ry. Co. of Tex., 207 S. W., 904 and other cases, approved.   (pp. 298-301).

**4.—Charge—Objections.**

A ground of exception to the charge not presented by objections made in the trial court must be considered as waived.   (p. 303).

**5.—Error.**

Error in law in the opinion of the Court of Civil Appeals is not ground for reversal on writ of error where a correct result was reached in such ruling, as where a charge was wrongly held erroneous, but the supposed error therein was erroneously held to be harmless.   (p. 299).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Harrison County.

Fitch sued J. L. Lancaster and Charles L. Wallace, as receivers of the Texas & Pacific Railway Co., for personal injuries received in

interstate commerce. Judgment in his favor was affirmed on appeal by defendants (239 S. W., 265) and they obtained writ of error.

*Prendergast & Prendergast*, for plaintiffs in error.

The holding of the Court is, where two or more grounds of recovery are submitted to the jury and a general verdict is rendered for the plaintiff, that the fact that one of the grounds of recovery submitted to the jury is not sustained by the evidence is not sufficient to reverse the judgment if the other grounds submitted are sufficient. This holding is contrary to the holding of the Supreme Court in the case of Weisner v. Railway Company, 207 S. W. 904, and also contrary to the holding of Tisdale v. Railway Company, 228 S. W., 133, the said holding of the Supreme Court being that where two or more grounds of recovery are submitted to the jury and there is a general verdict and one of the grounds is insufficient it is impossible to tell upon which ground the jury based their verdict and requires a reversal.

There was no evidence that the engineer moved the engine until after plaintiff was injured. Davis v. Wakelee, 156 U. S., 680; Ohio & M. Railway v. McCarthy, 96 U. S., 258; Smith v. Boston Elevated Ry., 184 Fed., 389.

An angle cock on a foreign car being hard to turn is not defective to such an extent as to constitute negligence. The spike in the track was not the proximate cause of plaintiff's injury. It was improper for the court to submit to the jury to find for the plaintiff if the defective angle cock co-operating with the protruding spike in the track caused the plaintiff's injury. Cassidy v. M. K. & T. Ry., 108 Texas, 61; McCrary v. Railway Co., 89 Texas, 168; Midland Valley R. Co. v. Fulgham, 181 Fed., 91; Montbriand v. Chicago & St. Paul Ry., 191 Fed., 991; Patton v. Illinois Central R. Co., 179 Fed., 530; Patton v. Texas & Pacific, 179 U. S., 658.

That the happening of an accident which caused an injury to a servant raises no presumption of any negligence or wrongful act of the master. That the doctrine of res ipsa loquitur is inapplicable to actions between employer and employee. Conjecture is an unsound and unjust foundation for a verdict. Juries may not legally guess the money or property of one litigant to another. Where the testimony leaves the same uncertain and shows that any one of half a dozen things may have brought about the injury for some of which the employers were responsible and for some of which they are not responsible, for the jury to guess between these half dozen causes, find that the negligence of the employer was the real cause, is not permissible. The following authorities sustain these propositions: McCrary v. Railway, 89 Texas, 168; Cassidy v. M. K. & T. Ry., 108 Texas, 61; Texas & Pacific v. Barrett, 166 U. S., 617;

Patton v. Texas & Pacific, 179 U. S., 658; Patton v. Illinois Central, 179 Fed., 530; Midland Valley R. Co. v. Fulgham, 181 Fed., 91; Montbriand v. Chicago & St. Paul Railway, 191 Fed., 991.

*Bibb & Caven,* for defendant in error.

The submission to the jury of the issue of negligence on account of the condition of the angle cock, such issue having been raised by the pleadings and the evidence, and having been found by the Court of Appeals to be negligence, was not error requiring a reversal of the judgment, there being several other issues of negligence clearly established upon which the plaintiff was entitled to recover, and a failure to reverse the judgment for having submitted such issue was not error. H. & T. C. Ry. Co. v. Roberts, 201 S. W., 674; G. H. & S. A. Ry. Co. v. Watts, 182 S. W., 412; Railway Co. v. Shinn, 153 S. W., 639; Railway Co. v. Siewart, 163 S. W., 624; Traction Co. v. Corley, 154 S. W., 621; Wells Fargo & Co. v. Benjamin, 165 S. W., 120.

The judgment should be affirmed in any event, for the Court of Civil Appeals was in error in holding that the negligent condition of the angle cock was not, or could not, have been the proximate cause of the plaintiff's injury.

The facts and circumstances in evidence were sufficient to require the court to submit to the jury the issue of whether or not those in charge of the train moved the same without a signal from Fitch.

A railway company is under a legal duty not to expose its employees to dangers arising from such defects in foreign cars as may be discovered by reasonable inspection before such cars are admitted to its train. Baltimore & Potomac Ry. Co. v. Mackey, 157 U. S., page 72, 39 Law, Ed., 624; Labatt on Master & Servant, 1st Ed., Sec., 174; Rowe v. Railway Co., 205 S. W., 731; Texas Traction Co. v. Morrow, 145 S. W., 1069.

The existence of a railway spike in a cross-tie protruding two or three inches above the surface of the tie in a railway yard constantly used by trainmen resulting in injury to a trainman makes it a question for the jury as to whether or not the existence and location of the same constitute negligence. Texas Midland Ry. Co. v. Geron, 162 S. W., 471; St. Louis S. W., Ry. Co. v. Ford, 121 S. W., 709; St. Louis S. W. Ry. Co. v. Cleland, 110 S. W., 122; Pecos and N. T. Ry. Co. v. Finklea, 155 S. W., 612.

Where several negligent acts are raised both by the pleadings and the evidence, it is proper to submit to the jury the issues so raised, and the plaintiff may recover if any one of the negligent acts caused the injury, or if several of them combined caused the injury. Sproule v. St. Louis and S. F. Ry. Co., 91 S. W., 657; Mo. Pacific Ry. Co. v. Lehmberg, 75 Texas, 61, 12 S. W., 838; Railway Company v.

Summers, 49 S. W., 1106; Texas Mexican Ry. Co. v. Higgins, 99 S. W., 200; Texas and Pacific Ry. Co. v. Matkin, 107 Texas, 125, 174 S. W., 1098; Pecos and N. T. Ry. Co. v. Finklea, 155 S. W., 612.

MR. JUSTICE PIERSON delivered the opinion of the court.

Defendant in error, Ben E. Fitch, was a brakeman on an interstate freight train, and was injured on December 4, 1920, while uncoupling freight cars at Cut-Off Junction in the State of Louisiana. He brought suit for damages under the terms and provisions of the Federal Employers' Liability Act and the Federal Safety Appliance Act in the District Court of Harrison County, Texas, alleging that in the performance of his duties in attempting to uncouple the cars of said train he went between two cars of the train for the purpose of turning the angle cocks on the air-brakes or air-brake system of said train. He pleaded three separate acts of negligence as the proximate cause of his injury: (1) That a spike in the track which protruded above the ties caught his foot and caused the train to run over his leg; (2) that while he was between the cars the engineer negligently caused the train to move and to run over his leg; (3) that the angle cock which he was endeavoring to turn on one of the cars was defective and out of repair, and that while he was engaged in an effort to turn same in such defective condition he was caught by the train moving upon him and his injury caused.

The case was submitted by the court to the jury upon a general charge, and the jury found for defendant in error. The Court of Civil Appeals held that the angle cock was defective, and that its condition was due to negligence of the plaintiffs in error, but it also held that such negligence of itself was not a proximate cause of the defendant in error's injury; that the condition of the angle cock by itself alone was not the proximate cause of the injury, and that defendant in error could not legally predicate a recovery on that ground alone. Therefore, it held that the trial court could not properly submit to the jury the issue of proximate cause based upon the defective condition of the angle cock, but it affirmed the case under Rule 62a, upon the ground that, notwithstanding the submission of this erroneous issue, the defendant in error would still be entitled to recover on the two issues properly submitted. This we think was error.

Defendant in error pleaded specifically the negligence in respect to the defective angle cock as a separate and distinct cause of action, and that it was the proximate cause of the injury. He introduced the proof of its defective condition and the circumstances attendant upon his effort to turn same and his resulting injury. This issue of negligence was specifically submitted to the jury by the court as being of itself alone sufficient ground of recovery. We think it is

impossible to say that the jury did not find for defendant in error upon this issue alone.

The Court of Civil Appeals in affirming the judgment of the trial court says:

''To reach the conclusion that the error in the instant case 'amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment', according to rule 62a, we are forced to find that, although three different issues were submitted, the jury's verdict was based upon the fact that the angle cock was the proximate cause of the injury, and that the jury did not find for the plaintiff on any other issue. If the jury found for the plaintiff on any two issues, the fact that a further but erroneous issue was submitted would not amount to a denial of the appellants' rights or cause the rendition of an improper judgment, for the plaintiff would still be entitled to recover on the ones properly submitted and having evidence to support them. There are two grounds here on which the plaintiff was entitled to recover, there being evidence to support them, that were properly submitted; and as to these two grounds the appellants' rights and defenses were in no wise restricted or affected by the third ground or charge in respect to it. Is it to be concluded that the jury found against the plaintiff on the two issues legally submitted, and in his favor on the one issue on which he could not legally recover? The three issues are distinct. It is believed that rule 62a has application.''

The jury may have found for defendant in error on each of the two issues properly submitted. On the other hand, as authorized by the pleading and the charge of the court, they may have found for defendant in error only on the issue that was improperly submitted. In order for courts to be able to administer the law in such cases with reasonable certainty and to lay down and maintain just and practical rules for determining the rights of parties, it is necessary that the issues made and submitted to juries, and upon which they are required to pass, be authorized and supported by the law governing the case.

The court instructed the jury that they must be governed by the law as given by the court in his instructions, and specifically instructed them to find for defendant in error if the angle cock was defective, if its defective condition was attributable to negligence on the part of plaintiffs in error, and if the negligence in respect thereto was the proximate cause of the injury. The charge of the court certainly told the jury that it was competent for them to find that the defective condition of the angle cock was a proximate cause of defendant in error's injury. Under the court's charge and under their oaths as jurors they were required to be governed by the charge. In order to hold the error harmless in the submission of

the erroneous charge, we must hold that the jury disregarded the charge of the court. This we cannot do, but must presume that the jury in reaching its verdict gave full credit to this instruction and was governed by it. To say that the jury ignored this specific ground of recovery in the court's charge, and found for defendant in error on the other two charges submitted, would be to presume that the jury found because the train moved it was negligently moved, and that the spike protruding above the cross-tie was negligently permitted to be there, and that one or both of these acts was the proximate cause of the injury to defendant in error. That the train did move is undisputed, but whether the engineer negligently moved it, or whether the brakeman Whitley negligently gave a signal to move it, and whether the spike protruding above the cross-tie was negligence, are issues that must be definitely determined by the jury in defendant in error's favor before he would be entitled to recover upon those issues. The charge authorizing the jury to find for defendant in error upon the defective condition of the angle cock alone would make it impossible to say that they found for him upon the other two issues. Weisner v. Missouri, K. & T. Ry. Co. of Texas, 207 S. W., 904; Tisdale v. Panhandle & S. F. Ry. Co., 228 S. W., 133, 16 A. L. R., 1264.

To say that the jury must have taken the defective condition of the angle cock into consideration along with and in connection with the issue of the moving of the train or the issue of the spike, and taken together found for defendant in error, is to assume that plaintiffs in error were negligent in respect to those other issues, or at least that the jury necessarily found them negligent as to one of them.

In the case of Weisner v. M. K. & T. Ry. Co. of Texas, 207 S. W., 904, Weisner sued the railroad for damages for personal injuries to his wife resulting in her death. The jury found for the defendant railway company under a general charge which submitted an issue of contributory negligence not raised by the pleadings or the evidence. The Court of Civil Appeals affirmed the judgment under Rule 62a. This Court in an opinion by the Commission of Appeals reversed and remanded the case. Presiding Justice Montgomery said:

"This was a jury trial, and, under the law, the jury were the judges of the credibility of the witnesses and the weight to be given the testimony. The jury are required, both by their oath and the charge of the court, to accept the law as given in the charge by the court and be governed thereby. Theoretically at least, they are governed and controlled by the instructions given. We must therefore presume that in this case, as in all others, the jury, in deter-

mining the facts and reaching a verdict, gave proper attention to the charge.

\* \* \* \* \* \*

"In a jury case where there is a sharp conflict in the testimony, as to liability, the giving of a charge which imposes upon the plaintiff a greater burden than is required by law is calculated to prejudice the plaintiffs and cause the jury to render an improper verdict. It is never possible in such case for any appellate court, where the case is submitted under a general charge, to say upon what ground the jury acted."

Counsel for defendant in error vigorously present that it cannot be held, as a matter of law, that the defective condition of the angle cock, under the circumstances of the case, was not a proximate cause of defendant in error's injury, but that it was an issue for the jury to determine. After a careful review of the question, we have concluded that the Court of Civil Appeals erred in holding that the defective condition of the angle cock, under the facts, was not a proximate cause of the injury to defendant in error, and we think that this was properly submitted to the jury.

It is often difficult for a court, as a matter of law, to determine the proximate cause of an injury. Ordinarily it is a question of fact, to be determined by the court or jury trying the case; and where a given state of facts might cause reasonable minds to differ as to whether or not it was the producing and proximate cause of the injury, the court will not disturb their verdict.

In the case of Mexican National Railway Company v. Mussette, 86 Texas, 708, 24 L. R. A., 642, 26 S. W., 1075, the facts were substantially as follows:

For a distance of ten miles up a mountain grade the train, composed of freight and passenger cars, was propelled by three engines, two in front and one at the rear. At a point eight miles up the grade one of the engines in front became disabled, and the front one was detached and sent forward for assistance. The engineer, Hobert, in charge of the rear engine, went forward, leaving no one with his engine except a Mexican fireman, who was not familiar with the workings of the engine. During the absence of the engineer *some act of the fireman* put this engine in backward motion, the engine pulling the train with it down the mountain. The conductor while setting brakes on top of cars in trying to stop and hold his train was thrown off and injured. Also, two passengers were killed before the train was stopped by a brakeman who climbed onto the engine and reversed it. There were a number of issues in the case, but only the issue that the company was negligent in employing the engineer Hobert, and that he was a careless and reckless man, and that the injury was occasioned as a direct and proximate result thereof, was submitted to the jury by the court. The trial court told the jury:

"An injury is the proximate result of an act when, without the act, the injury would not have been inflicted. It is for you to determine, from all the evidence before you, what was the proximate cause of the injury complained of; but unless you find that the defendant was negligent in employing the engineer, Hobert, and that he was careless and reckless, and thereby caused or contributed to the injury complained of, without any fault on the part of plaintiff, then you will find for defendant."

It was contended that the negligence of the engineer in leaving his engine, under the circumstances, in charge of the fireman, as a matter of law, was not the proximate cause of the injury, because the engine was put in motion by the fireman.

This Court overruled that contention, Chief Justice Stayton saying:

"It frequently becomes difficult to determine the proximate cause of an injury, but it is ordinarily a question of fact to be determined by the court or jury trying a cause, whose finding will not be reversed on grounds purely theoretical. The situation of the train when it was stopped on the mountain side was perilous, and the evidence clearly shows that the movement of the train might have been prevented or stopped after it began if the engineer had been at his post, and thus the injury been avoided; and we are of opinion that the negligence of the engineer having supervision over the fireman as well as the locomotive thus situated may be deemed the efficient cause of the injury, although the engine may have been put in motion by the fireman either inadvertently or intentionally."

He quoted with approval the following:

" 'The act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrong-doer if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise. Whether, in any given case, the act charged was neglient, and whether the injury suffered was, within the relation of cause and effect, legally attributable to it, are questions for the jury.' Lane v. Atlantic Works, 111 Mass. 139; Gonzales v. City of Galveston, 84 Texas, 3, 19 S. W., 284; Jones v. George, 61 Texas, 346; Railway Co. v. McKinsey, 78 Texas, 298, 14 S. W., 645; Weick v. Lander, 75 Ill., 93."

It is true that case is not an exact parallel to the case before us, as it was held that:

"Whether it ought to have been foreseen that an ignorant fireman might intentionally or inadvertently put it in motion, when under steam, and situated as was it, if he left the post assigned to him by his employer, was a question for the jury."

But the question of the proximate cause of the injury was found by the jury to rest upon the negligence of the company in employing the engineer and his negligence in leaving the engine, notwithstanding the engine which caused the accident was put in motion by the act of the fireman, and this was held to be a question for the jury's determination.

In the instant case it was the duty of defendant in error to turn this angle cock, and plaintiffs in error must have known that to do so would require that he go between the cars, and also have anticipated that the train might move while he was so engaged. Can we say as a matter of law that plaintiffs in error should not have anticipated that an injury such as here suffered might result from a defective condition of the angle cock, and that such injury was not caused by it, when it is shown that its defective condition made it very hard to turn and necessitated great force and strength to turn it?

Defendant in error testified further:

"I made an attempt to turn the one on the south side and it didn't turn. Then I stepped over in the track with my right foot where I could get to it to brace myself to turn it. I then attempted to turn it and it didn't turn. I then made another effort to turn it.

"Q. Did it turn then? A. Just as I went to turn it my foot slipped or caught on something and the train moved and ran over my leg. That *happened while I was pulling* at the angle cock attempting to turn it. I don't know what my foot caught on."

It is reasonable to conclude from the testimony that in the discharge of his duties the defective condition of the angle cock caused defendant in error to advance further in between the cars, to remain longer, and to place his body in a strained position.

But for the strain in the use of great force and strength, and the position necessarily assumed in order to turn the angle cock, as shown by the testimony, defendant in error might not have been injured by the moving train. Regardless of whether the train was negligently moved, and of whether there were spikes protruding above the ties, the faulty condition of the angle cock may have been the proximate cause of his injury, as the jury was authorized by the charge to find. 22 R. C. L., pp. 112, 115, 128, and 134.

In the case of Gonzales v. City of Galveston, 84 Texas, 3, 31 Am. St., 17, 19 S. W., 284, cited by Judge Stayton, lumber was piled upon a public street in the city of Galveston. A drayman passing struck the pile of lumber, caused pieces to fall which injured the plaintiff. Suit for damages for injury. This Court held that whether the city was guilty of negligence in permitting the lumber to be piled upon the street, and knew or was chargeable with notice, were facts for the jury, and this although without the act of the drayman the injury would not have been caused; that it was error to withdraw the issue from the jury. The Court said:

"By proximate cause we do not mean the last act of cause, or nearest act to the injury, but such act, wanting in ordinary care, as actively aided in producing the injury as a direct and existing cause. It need not be the sole cause, but it must be a concurring cause, such as might reasonably have been contemplated as involving the result under the attending circumstances. Eames v. Railway, 63 Texas, 664, 665; Jones v. George, 61 Texas, 353; Seale v. Railway, 65 Texas, 277, 278; Brandon v. Mfg. Co., 51 Texas, 128; 1 Thomp. on Neg., 144; 2 Thomp. on Neg., 1100, sec. 12, and note; 1 Suth. on Dam., 20, 22."

In the case of Donegan v. Baltimore & N. Y. Ry. Co., 165 Fed., 869, 91 C. C. A., 555, a brakeman on a slowly moving freight train was directed to cut off the two rear cars. On one of them the automatic coupler was broken, and the plaintiff went between the cars and attempted to pull the pin by hand. Not being able to do so, he started out, when his foot was caught in an unblocked switch-frog, and he was injured. The court held that the question whether defendant's negligence in respect to the coupler was the proximate cause of plaintiff's injury so as to render it liable under the provisions of the Safety Appliance Act, was, under the evidence, for the jury to determine.

The liability in that case was based upon a violation of the Federal Safety Appliance Act, but in passing upon the issue of proximate cause the court said:

"The inquiry, then, is whether this violation of the statute was the proximate cause of the accident. But such a question cannot ordinarily be determined as a matter of law. It is generally the province of the jury to determine the proximate cause of an injury. . . .

"It is only when the facts are clearly settled and but one inference is possible to be drawn therefrom that the question of proximate cause is one of law. In the present case the question was essentially one of fact—different conclusions could be drawn from the testimony. It is true that the direct instrumentality by which the plaintiff was injured was the frog. It was the immediate but not necessarily the proximate, cause. It was for the jury to determine whether the failure of the defendant to equip the cars with the appliances required by the statute was, in view of all the facts and circumstances, a proximate cause of the accident. Had the car been properly equipped, there would have been no occasion for the plaintiff to go into a place of danger. We cannot say that the jury would not have been warranted in finding that the accident would never have occurred had the car been equipped with the statutory appliances, and, consequently, that the failure to have such appliances was a proximate cause of the plaintiff's injuries."

The Court of Civil Appeals found that the angle cock was defective, and that its condition was due to the negligence of plaintiffs in error.

We concur with the view expressed by Chief Justice Willson in this case, that ''it should not be said that in no view the jury might have taken of the testimony, could the negligent condition of the angle cock have been the proximate cause of the injury. It was a jury question.''

The court charged the jury that if it found the angle cock was defective on account of the negligence of plaintiffs in error, and if it found that spikes were permitted to protrude above the cross-ties on account of the negligence of plaintiffs in error, and that the combined negligence of plaintiffs in error regarding the spikes and the angle cock was the proximate cause of defendant in error's injury, to find for defendant in error.

Plaintiffs in error complain of this paragraph of the charge because defendant in error did not allege in his petition that such *combined negligence* caused the injury. Plaintiffs in error filed no objection to this part of the charge, and same must be considered as waived. Art. 1971, Vernon's Sayles' Texas Civil Statutes, 1914.

The judgment of the Court of Civil Appeals having reached a correct result, it is affirmed.

*Affirmed.*