**EASTERN TEXAS ELECTRIC CO. v.
BAKER et al.    (No. 468–3772.)***

(Commission of Appeals of Texas, Section A.
Oct. 24, 1923.)

**1. Appeal and error ⟨⟩1066—Instruction to
consider element of damages not pleaded nor
proved held reversible error.**

In a personal injury suit, an instruction to
consider future suffering in assessing damages
*held* reversible error as reasonably calculated
to cause rendition of a verdict for damages
not pleaded or proved, irrespective of the suf-
ficiency of the evidence to warrant a finding
for the sum awarded without regard to future
suffering.

**2. Appeal and·error ⟨⟩1170(9)—Court of Civ-
il Appeals cannot hold submission of issue
not raised by pleadings or evidence harmless.**

Rule 62a (149 S. W. x), adopted under au-
thority of Const. art. 5, § 25, and Rev. St. art.
1524, does not authorize the Court of Civil
Appeals to hold harmless submission of an
issue not raised by the pleadings or evidence,
in violation of R. S. art. 1971, requiring submis-
sion of controverted issues only; the rule not
being intended to deprive a party of a sub-
stantial right given by statute or cast on one
deprived of such right the burden of showing
that he was injured.

Error to Court of Civil Appeals of Ninth
Supreme Judicial District.

Action by Dora Baker and husband
against the Eastern Texas Electric Company.
Judgment for plaintiffs affirmed by Court of
Civil Appeals (238 S. W. 335), and defendant
brings error. Reversed and remanded.

Orgain & Carroll, of Beaumont, for plain-
tiff in error.

A. D. Lipscomb, of Beaumont, for defend-
ants in error.

BISHOP, J. Defendant in error, Dora
Baker, joined by her husband, David G. Bak-
er, filed suit in the district court of Jeffer-
son county against the Eastern Texas Elec-
tric Company, plaintiff in error, alleging in
their petition that on or about the 25th day
of April, 1920, Dora Baker boarded one of
the passenger cars of plaintiff in error, paid
her fare, and became a passenger thereon;
that as she attempted to leave said car the
agent in charge of same struck her on the
jaw with his hand or fist, and as her back
was turned to him in alighting from the car
he braced himself and kicked her in the
back, throwing her to the ground with the
force of the blow, causing her great physical
injury and bodily pain, and great terror and
shame, and other mental suffering; that she
suffered actual injury and damage in the
form of bruises on her body, nervous shock,
and pain, anguish, and humiliation, and oth-
er like injury, as the proximate result of

such violence or misconduct, and the humili-
ating memory and sense of the outrage re-
main as a permanent injury, to plaintiff's ac-
tual damage in the sum of $5,000. The
plaintiff in error having answered by gen-
eral denial among other pleadings, the case
was tried before a jury, resulting in a ver-
dict for defendants in error in the sum of
$500. On appeal to the Court of Civil Ap-
peals the judgment of the district court was
affirmed (238 S. W. 335), and the case is be-
fore the Supreme Court on writ of error.

In the trial court only one special issue
was submitted to the jury, as follows:

"What amount of money paid now will com-
pensate the plaintiff Dora Baker for the in-
juries she has sustained? You will answer this
question by stating the amount you find. In
this connection, and for your guidance in esti-
mating the damages, you will assess said dam-
ages at such a sum of money as if paid in hand
at this time will fairly and justly compensate
her for the injuries alleged to have been sus-
tained by her in her petition, and which you
find from the evidence she has sustained, and
in so doing you will take into consideration all
the mental and physical pain suffered by her,
if any, and such as will be suffered by her in
the future on account thereof, if any."

Plaintiff in error objected to this charge
on the ground that there was neither plead-
ing nor evidence that Dora Baker had suf-
fered a permanent physical injury, and re-
quested the following special instruction,
which was by the court refused:

"Gentlemen of the Jury: You are instructed
that in answering special issue No. 1 of the
court's charge you will not allow the plaintiff,
Dora Baker, any damages for physical pain she
may suffer in the future, if any."

Error is assigned on the charge of the
court as objected to, and on the refusal to
give the special requested charge. In dis-
cussing these assignments the Court of Civ-
il Appeals uses this language:

"It is also true, as contended by appellant
under this assignment, that there was no evi-
dence to the effect that Dora Baker would suf-
fer physical pain in the future or beyond the
date of the trial, and that therefore, both be-
cause of a failure to plead such element of
damage and the lack of evidence to show it,
the trial court was in error in declining the
special charge taking such element from the
consideration of the jury. The court not only
refused the special charge expressly withdraw-
ing such element of damage from the jury's con-
sideration, but instructed the jury, substantial-
ly, that in answering issue No. 1 as to the
amount of damages they might take into con-
sideration such physical pain and suffering, if
any, as the evidence might show them Dora
Baker would suffer in the future, if any, and
this charge is also made the basis of one of
appellant's assignments. We shall not deter-
mine whether the action of the court in permit-
ting the jury to take into consideration such

---

physical pain as might be found by the jury would be suffered by Dora Baker in the future would not be erroneous in some cases in the absence of pleading and evidence, as here complained of; but, after carefully considering the entire record in this case, we have concluded, and feel certain, that the action of the court in refusing the special instruction and in permitting the jury to take such future pain, if any, into consideration, was not prejudicial to appellant in this case, and was clearly harmless error, if error at all."

The court having recited the facts in evidence to the effect that the blow which the conductor struck Dora Baker in the face was a severe one, and staggered her, and that the kick in the back was also severe, and she suffered much physical pain from both, that she suffered severely from headache and soreness in the neck, back, and sides, and stiffness in her jaw, and was caused to go to bed, and that the manner in which she was assaulted in the presence of passengers caused her much shame and mortification, and that she would always suffer shame and humiliation from such treatment, concluded that "the evidence would be sufficient to warrant a finding by the jury in plaintiff's favor for $500 for such physical pain and suffering, and such mental anguish and shame as she suffered in consequence of such assault upon her, without regard to pain of any character, physical or mental, that she might suffer therefrom in the future," and held that, if it was error for the trial court to charge the jury to take into consideration physical future pain, the evidence might show she would suffer, if any, it was harmless in the face of the amount awarded in this case under rule 62a (149 S. W. x.), and that such error was not calculated to cause and did not cause the jury to render a larger verdict against plaintiff in error than would otherwise have been rendered.

Rule 62a provides:

"No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; and, if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error: Provided, if the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presentation of a cause to the Court of Civil Appeals, and be such as may be corrected by the judge of the trial court. then the judgment shall not be reversed for such error, but the appellate court shall di-rect the said judge to correct the error, and thereafter the Court of Civil Appeals shall proceed as if such erroneous action or failure to act had not occurred."

The Constitution of Texas (article 5, § 25) is as follows:

"The Supreme Court shall have power to make and establish rules of procedure, not inconsistent with the laws of the state for the government of said court and the other courts of this state, to expedite the dispatch of business therein."

R. S. art. 1524, is as follows:

"The Supreme Court shall have power to make, establish and enforce all necessary rules of practice and procedure, not inconsistent with the laws of this state, for the government of said court and all other courts of the state, so as to expedite the dispatch of business in said courts."

This rule was not intended to deprive a party to a suit of a substantial right given by statute. Nor was it intended to cast the burden on the party deprived of such right to show that he had been injured thereby. Prior to its adoption it was held that the giving of a charge on an issue not raised by the evidence was reversible error unless it clearly appeared that the jury was not misled thereby. T. & P. Ry. Co. v. McCoy, 90 Tex. 264, 38 S. W. 36.

[1, 2] The question here involved is whether the Court of Civil Appeals is authorized under rule 62a to hold harmless an error of the trial court in submitting to the jury an issue raised neither by the pleadings nor the evidence. R. S. art. 1971, provides that in the charge to the jury the court shall submit controverted issues only. This is a substantial right to which a litigant is entitled in the trial of his case. Plaintiff in error had the right to have the damages assessed against it by the jury under proper instructions submitting only the elements of damage as raised by the pleadings, and supported by evidence. It has been denied this, in that the jury was instructed, in assessing damages, to consider physical pain that defendant in error Dora Baker might sustain in the future, if any. This charge was misleading. It indicated that there was evidence tending to show future physical pain. The presumption of law is that such error as complained of here amounted to such a denial of plaintiff in error's rights as was reasonably calculated to cause, and probably did cause, the rendition of an improper verdict, and the mere finding by the Court of Civil Appeals that the evidence was sufficient to warrant a finding by the jury for $500 for mental anguish and shame and physical pain suffered in consequence of such assault and battery, without regard to future mental and physical pain, is not sufficient to overcome such legal presumption.

The evidence may have warranted a verdict in a larger or smaller amount than that rendered. This would not show that the jury in arriving at the amount of the verdict did not consider the charge directing a consideration of the issue as to whether defendant in error Dora Baker would suffer future physical pain. It is not possible for an appellate court to say the jury did not consider this erroneous charge in arriving at the amount of damages. Lancaster v. Fitch (Tex. Sup.) 246 S. W. 1015; Weisner v. M., K. & T. Ry. Co. (Tex. Com. App.) 207 S. W. 904; Peden Iron & Steel Co. v. Jaimes (Tex. Com. App.) 208 S. W. 898; Golden v. Odiorne (Tex. Com. App.) 249 S. W. 822.

We have therefore concluded that the Court of Civil Appeals was in error in holding harmless the error of the district court in submitting this issue to the jury, and recommend that the judgment of both said courts be reversed, and the cause remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the question discussed in its opinion.