**LANCASTER et al. v. BRADFORD.\***
**(No. 36.)**

(Court of Civil Appeals of Texas. Eastland.
Nov. 20, 1925. Rehearing Denied
Jan. 22, 1926.)

1. **Master and servant** ⊕═286(29)—**Negligence of railroad in permitting mail clerks to throw mail bags from moving trains held for jury.**

In action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), where a government mail clerk threw out mail bag from speeding train so that it struck station agent, denial of peremptory charge for defendant railroad was proper; there being evidence that custom of throwing mail bags was dangerous, and that defendant knew thereof.

2. **Master and servant** ⊕═217(1)—**Station agent, struck by mail bag thrown from train by mail clerk, held not to assume risk under federal act.**

Where government mail clerk threw mail bag from rapidly moving train so that it struck station agent, in action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), it was proper to refuse to instruct a verdict for defendant railroad on theory that, if it was negligent, plaintiff assumed risk.

3. **Trial** ⊕═352(4)—**Submission of special issues as to negligence of conductor of train from which mail clerk threw sack injuring plaintiff held error.**

In action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) against carrier for injuries to station agent hit by mail bag thrown from train by mail clerk, submission of special issues as to conductor's negligence *held* error, where there was no evidence that he had control over mail clerk's acts.

4. **Master and servant** ⊕═265(13)—**Instructions placing burden of issue of assumed risk on employee properly refused.**

Where action was brought under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), requested instructions on doctrine of assumed risk, placing burden on plaintiff, *held* properly denied.

Error from District Court, Palo Pinto County; J. B. Keith, Judge.

Action under the federal Employers' Liability Act by C. B. Bradford against J. L. Lancaster and others, receivers. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Shropshire & Bankhead, of Weatherford, for plaintiffs in error.

Penix, Miller & Perkins, of Mineral Wells, and Hood & Shadle, of Weatherford, for defendant in error.

PANNILL, C. J. The parties will be designated as in the trial court. Plaintiff was employed as station agent of defendants at Santo, a station on the Texas-Pacific Rail-

way; the road being operated by defendants as receivers. Defendants operated a passenger train known as a fast mail train which was not scheduled to stop at Santo, but carried mail for that place. It was a part of plaintiff's duties to hand up orders to the engineer and conductor for said train when received from the chief train dispatcher. On the occasion in question plaintiff, standing at the east end of the station platform for the purpose as stated, handed up the hoop with the engineer's orders attached, and, while waiting to hand up the orders for the conductor, was struck by the mail bags thrown from the mail car by the railway mail clerk, and sustained injuries, for which he claimed damages.

It was in evidence that the custom of throwing the mail bags from the train at said station had been in existence for many years. There was a mail crane situated west of the station at a distance estimated by different witnesses to be from 100 to 300 feet, and it was the purpose of the mail clerks to throw the mail bags near the crane. Testimony was introduced by plaintiff that for more than a year prior to the plaintiff's injury the mail from this train was customarily thrown from the middle of the station platform west; in a few instances at the east end of the station, but generally at the west end of the platform. This train was scheduled to pass Santo about midnight, and its regular speed was 38 miles per hour. There was proof that a grade was situated a short distance west of the station, and that the speed of the train was accelerated in passing through the town so as to not lose momentum in crossing such grade, and its speed on this occasion was estimated by different witnesses at from 45 to 60 miles per hour.

The case was submitted to a jury on special issues, and, the jury's verdict thereon having been construed by the court as favorable to plaintiff, judgment was rendered in his favor for $22,317.36. Hence this writ of error.

The propositions material to a disposition of the appeal will appear, in the review of the record, as hereinafter made. The question as to the liability of a carrier for the act of a mail clerk in throwing mail from a train in motion does not appear to have been under consideration in any appellate court of this state heretofore. The matter has been considered frequently in other jurisdictions, and considerable legal literature is to be found on the subject. A majority of the cases are cited under the title "Railroads," 33 Cyc. pp. 779, 807, and 900; also title "Carriers," 10 C. J. p. 919. From these cases the general rule in regard to the subject may be stated to be—

"that the carrier is not responsible for the negligent acts of mail clerks. They are employees

of the government, and under its control. The carrier has no control over such employees, but, if such employees customarily indulge in the dangerous practice of throwing off the mail bags at a place where injury to persons lawfully on its premises might result, of which practice the carrier has notice, so that injury to such persons might be reasonably anticipated, the failure of the carrier to take the necessary steps to stop the practice will render it liable, and the fact that the mail bags had not before been thrown off at the precise spot where the injury occurred will not avoid the liability for negligence for such failure." Shaw v. Chicago, etc., Ry., 123 Mich. 629, 82 N. W. 618, 49 L. R. A. 308, 81 Am. St. Rep. 230.

In Southern Ry. v. Rhodes, 86 F. 422, 30 C. C. A. 157, the Circuit Court of Appeals for the Sixth Circuit, composed of Taft, Lurton, and Severens, in discussing the question under consideration, say:

"The mail grab was a structure designed for the purpose of taking in the mail pouch when trains passed the station without stopping, and had no relation to the delivery of the mail which was destined for that place. The delivery might be made at any convenient point where it would not be attended with danger to passengers or others who might lawfully be there. In order to affect the railway company with the charge of negligence, it was necessary to prove that the company had notice of a practice of the postal employees to throw off the mail pouch at a place where it was dangerous. This notice might be express, or it might be implied from a long continuance of such practice."

[1] It is concluded that the evidence, as stated in substance above, brought the case within the rule stated, and therefore a question of negligence was raised, and that the court did not err in refusing defendant's request for a peremptory charge. The jury was warranted in finding the practice dangerous.

[2] Defendant's contention that the court should have instructed a verdict on the theory that, if defendants were guilty of negligence, plaintiff had assumed the risk, must be overruled.

This action was brought under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), and the doctrine of assumed risk is applicable. That doctrine, according to recent decisions of the Supreme Court, is:

"An employee is not chargeable with the assumption of a risk attributable to his employer's negligence unless he knew (or is presumed from its obviousness to have known) of the danger, but also knew that it endangered his safety or else the danger must have been so obvious that a person of ordinary prudence, under the circumstances would have appreciated it." Gila Valley G. & N. Ry. Co. v. Hall, 232 U. S. 94, 34 S. Ct. 229, 58 L. Ed. 521.

Here the plaintiff had no duty with respect to the mail. He was night clerk at the station. No tickets were sold for the train in question. He had no duties in respect to it except to hand up orders when received. This is not shown to have occurred every time it passed. He testified that he knew the mail was thrown off from this train, but that he had no knowledge of the mail having previously been thrown off near the place he was standing; that according to his (plaintiff's) knowledge the practice had been to throw it off farther west of the place he ordinarily stood. To hold as a matter of law that plaintiff assumed the risk would add to it an element not heretofore contemplated, and require an employee to anticipate a negligent act of which he has no knowledge, and destroy that part of the doctrine which requires the employee must appreciate the danger.

[3] Error is assigned to the court's submission to the jury of special issues Nos. 4 and 5 as follows:

"Special issue No. 4: Were the defendants or their conductor who were operating its mail train at Santo, Tex., at the time plaintiff alleges he was injured, guilty of negligence as that term has been defined herein, in knowingly permitting, if they did permit knowingly, the mail clerks on said train while it was in rapid motion to throw from said train the mail bags by which plaintiff alleges he was injured? Answer 'yes or no' just as you find.

"Special issue No. 5: Was the negligence of the defendants or their conductor in knowingly permitting the mail clerks on the train at Santo, Tex., and at the time plaintiff alleges he was injured, to throw or eject from its rapidly moving train the mail bags by which plaintiff alleges he was struck and injured, if you find that defendants were negligent, and that they knowingly permitted the mail clerks on the train in question to eject mail bags from said train while it was rapidly moving, the proximate cause of plaintiff's injuries, if you believe that he was injured? Answer 'yes or no' just as you find."

The objection to these issues is that there was no evidence to sustain them as regards the conductor. The only evidence on the point was plaintiff's witness Hubbard, who threw off the mails on the occasion under consideration. He testified he did not know whether the conductor knew he was riding on the train or not; that he could not say whether the conductor knew the mail was being thrown off or not. Under the evidence the conductor had no duties with respect to the mail and no control over the schedule of the train. Obviously negligence could not be predicated upon his failure to stop the practice, as he had no control over it. Notice to the conductor in this instance is not notice to the defendants. Walker v. Hannibal & S. J. R. Co., 121 Mo. 575, 26 S. W. 360, 24 L. R. A. 363, 42 Am. St. Rep. 547.

It is a well-settled rule in this state that it is reversible error to submit as a ground of recovery an act of negligence not supported by the evidence. T. & P. Ry. v. Wisenor,

66 Tex. 674, 2 S. W. 667; G. C. & S. F. Ry. v. Anderson (Tex. Civ. App.) 126 S. W. 928; S. W. Oil Dev. Co. v. Illinois Torpedo Co. (Tex. Civ. App.) 252 S. W. 336. Nor is the Court of Civil Appeals authorized to disregard a material error in submitting an issue not raised by the evidence under rule 62A, Eastern Electric Co. v. Baker (Tex. Com. App.) 254 S. W. 933.

It is impossible to determine whether the finding of negligence was by the jury predicated on the negligence of the defendants or that of the conductor. It may be the finding was predicated alone on the negligence of the conductor. Under the rules announced by the Supreme Court, this court has no alternative, but must hold the action of the trial court, in the respect referred to, reversible error. Lancaster v. Fitch, 112 Tex. 293, 246 S. W. 1015.

[4] No error appears in the submission of the issue of assumed risk nor in the refusal of defendant's special charges as to that issue. The charges requested place on plaintiff the burden of assumed risk, if by the use or ordinary care he could have known the danger. We have been cited to no authority sustaining such rule, and the cases cited do not place such a burden on the employee with reference to assumed risk.

What has been stated above renders the other assignments immaterial, and the questions presented may not arise upon another trial, except that issues as to amounts incurred for medical attention and drug bills should not be submitted without proof of the reasonable value of the amounts incurred.

For the errors indicated, the judgment is reversed and the cause remanded.