**Affirmed and Opinion and Concurring Opinion filed April 30, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00015-CV

---

## MANZOOR MEMON, Appellant

## V.

## HAROON SHAIKH, Appellee

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-28636**

---

## C O N C U R R I N G   O P I N I O N

The evidence is legally insufficient to support liability findings as to one of the statements the jury found to be defamatory. The majority bases its conclusion that this legal insufficiency does not require rendition of judgment notwithstanding the verdict on the majority's determination that the nine statements made the subject of the suit were different factual bases for a single theory of liability rather

than different liability theories. This determination contravenes Texas law.

Under his first issue, appellant Manzoor Memon asserts that the trial court erred in denying his motion for judgment notwithstanding the verdict. In this motion, Memon asserted that the evidence is legally insufficient to support the jury's findings that the eighth statement found to be defamatory (that appellee Haroon Shaikh owns or owned video stores that were required to have a Sexually Oriented Business license from the City of Houston) was false and that Memon knew or should have known, in the exercise of ordinary care, that the statement was false and potentially defamatory. Under the familiar standard of review for legal sufficiency, the evidence is legally insufficient to support each of these findings.

The majority effectively holds that this legal insufficiency does not require rendition of judgment notwithstanding the verdict because a *Casteel* harm analysis does not apply. There must be more than one theory of liability for the *Casteel* harm analysis to apply, and the majority bases this holding on its conclusion that all nine statements were part of a single theory of liability.[1] Texas law holds otherwise. The *Casteel* harm analysis is available based upon a valid and an invalid theory of liability, even if both theories are based upon different actionable conduct under the same tort. *See Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 382, 387–90 (Tex. 2000) (applying presumed harm analysis to valid and invalid liability theories based upon different alleged conduct, all of which were alleged violations of article 21.21 of the Texas Insurance Code); *Lancaster v. Fitch*, 246 S.W.2d 1015, 1015–16 (Tex. 1923) (applying presumed harm analysis to valid and invalid liability theories based upon different alleged conduct, all of which were

---

[1] *See ante* at p. 13.

alleged negligence). In addition, Texas law treats each of the nine statements alleged to be defamatory as a separate and independent tort. *See Vieyra v. Harris County, Texas*, No. 10-CV-1412, 2010 WL 4791518, at \*5 (S.D. Tex. Nov. 17, 2010); *Akin v. Santa Clara Land Co.*, 34 S.W.3d 334, 340 (Tex. App.—San Antonio 2000, pet. denied); *Marshall Field Stores, Inc. v. Gardiner*, 859 S.W.2d 391, 394 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.).

Shaikh, the plaintiff in the court below, asserted defamation claims against Memon based on nine separate statements, made at different times and to different audiences. Thus, each such statement is a separate theory of liability for purposes of determining the applicability of the *Casteel* harm analysis. *See Vieyra*, 2010 WL 4791518, at \*5; *Casteel*, 22 S.W.3d at 387–90; *Lancaster*, 246 S.W.2d at 1015–16; *Akin*, 34 S.W.3d at 340; *Marshall Field Stores, Inc.*, 859 S.W.2d at 394. The majority errs in concluding that "each statement is simply a different factual allegation supporting a single theory of liability."[2]

In conclusion, the evidence is legally insufficient to support the jury's finding that Memon falsely stated that Shaikh owns or owned video stores for which sexually-oriented business licenses were required and that Memon knew or should have known, in the exercise of ordinary care, that this statement was false and potentially defamatory. The statement was not merely one of nine factual bases alleged in support of a single theory of liability; instead, it was the subject of a separate tort claim and, as such, was a separate theory of liability. Nonetheless, Memon is not entitled to a *Casteel* harm analysis because he failed to lay the requisite predicate by objecting to the jury charge. Accordingly, though I respectfully disagree with the majority's analysis, I concur in this court's

---

[2] *Ante* at p. 14–15.

3

judgment.

/s/     Kem Thompson Frost
Justice

Panel consists of Justices Frost, Christopher, and Jamison. (Christopher, J., majority.)